**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE  19947

July 22, 2020

Michael S. Davis
1297 N. Bend Road
Jarretsville, MD 20184-1339

Miranda Clifton, Esq.
Young & McNelis
300 South State Street
Dover, DE 19901

Colin Shalk, Esq.
Casarino Christman Shalk Ransom & Doss, P.A.
1007 N. Orange Street, Suite 1100
Wilmington, DE 19899

Re: *Michael Davis v. Kevin Pullin, et al.*; C.A. No. 2019-0496-SG; Motions to Dismiss

Dear Litigants:

This matter involves a septic system designed for the use of Lot 1 in the Linn Woods development along Vines Creek in eastern Sussex County.  The system was placed on Lot 2, currently owned by Michael and Debra Davis.  Mr. Davis blocked the system, causing it to fail in 2015.  The owners of Lot 1, Kevin and Joann Pullin, sued in a matter captioned *Pullin v. Davis*,[1] alleging that an easement existed over the Davises' property to maintain and use a septic system, seeking injunctive relief

---

[1] Civil Action No. 11829–VCG.

that the Davises cease interfering with the system, and damages. After a one-day trial on January 24, 2018, I issued a bench ruling, finding that an easement by implication existed, and that the Davises were liable for damages for interfering with the easement. I noted, however, that in the interim, the septic system had failed, and that further use absent repair would exceed the scope of the easement; thus, I denied injunctive relief. I memorialized this ruling in a written Letter Opinion of February 22, 2018, set out in full below.[2] That decision was affirmed by the Supreme Court

---

[2] *Pullin v. Davis*, 2018 WL 1023157 (Del. Ch. Feb. 22, 2018), *aff'd*, 201 A.3d 523 (Del. 2018). The text of the Letter Order contained six substantive paragraphs, as follows:

> 1. An implied easement exists burdening the Davis property in favor of the Pullin property. The easement is for the use and maintenance of a septic line, tank and field for the benefit of a single-family house on the Pullin property, located on the Davis property. The easement includes reasonable access to maintain and repair the line, tank and field. The easement runs with the land.
> 2. Mr. Davis is liable for wrongfully blocking the septic line and interfering with the easement during the time when the record indicates the septic system was operating properly, in the amount of FOUR THOUSAND TWO HUNDRED THIRTY DOLLARS ($4,230.00).
> 3. I find by a preponderance of the evidence that the septic system currently is not functioning properly and, as a result, use of the septic system would exceed the scope of the easement. Therefore, Mr. Davis is not liable for the current blocking of the easement.
> 4. Because use of the septic system in its current condition would exceed the scope of the easement, the Plaintiff's request for an injunction barring Mr. Davis from interfering with the use of the system and directing him to unblock the system is DENIED.
> 5. Because the Plaintiff established the easement by implication by evidence which I found clear and convincing, the request for a declaratory judgment as to the easement is GRANTED.
> 6. This Order is final.
> 7. Nothing in this Order prevents the Pullins or their successors in title from demonstrating that the septic system has been restored to operating condition, and seeking injunctive relief against Mr. Davis or his successors in title to restore use, via a subsequent action.

*Id.* at *1.

on November 30, 2018.[3]  Subsequently, the Pullins have installed a new septic system entirely within their property, Lot 1, and have abandoned the easement on the Davises' lot.

The Davises did not file a counterclaim during the pendency of *Pullin*, in which they were represented by Delaware counsel.[4]  Mr. Davis filed the complaint in this action (the "Complaint") on June 26, 2019, *pro se*, seeking to re-litigate the issues decided in *Pullin*.  Davis seeks an injunction requiring the Pullins to remove the septic system,[5] as well as damages against the Pullins and their septic contractor, B. Brittingham Complete Septic Service ("B. Brittingham"), and its principle, Ms. Sharon Rickards, under what appears to be a trespass theory.

Each of the Defendants has moved to dismiss based on principles of issue and claim preclusion.

To be candid, I find the Complaint difficult to understand.  It seeks damages relating to the Pullins' use of the now-abandoned septic system and easement, and states that Davis is "entering this to the Chancery Court of Delaware for a retrial" of the matters adjudicated in *Pullin*.[6]  At oral argument on the Motions to Dismiss, Mr.

---

[3] *Davis v. Pullin*, 201 A.3d 523 (Del. 2018), *reargument denied* (Jan. 14, 2019).
[4] After representing the Davises through trial, that Delaware counsel withdrew appearance prior to my written decision.  *See Pullin v. Davis*, C.A. No. 11829-VCG, Docket Item 55, Mot. to Withdraw as Counsel for Defs.
[5] Counsel for the Pullins made clear at oral argument that they have abandoned the easement. Nothing, therefore, prevents Davis from removing those parts of the Pullins' abandoned septic system that remain on his property.
[6] Verified Compl. For Injunctive and Other Relief, Docket Item ("D.I.") 1 ("Compl."), at 2.

Davis made extensive complaints that, in the trial of *Pullin*, his counsel was incompetent, and as a result evidence helpful to him was omitted from trial; that witnesses gave erroneous and incompetent testimony or perjured themselves; and generally that I got my decision wrong because of these failures of justice. The Davises have not moved for relief in *Pullin* under Chancery Court Rule 60(b), however.[7] Mr. Davis simply seeks the re-litigation of the issues already decided, or available to be addressed, in *Pullin*.

Where a matter has been litigated to a judgment, the doctrine of *res judicata* requires that it not be re-litigated, else litigation would be endless.[8] Here, Davis's paramount claim is that no easement existed that permitted the placement and operation of the Pullins' septic system—that precise issue was resolved to the contrary in *Pullin*. Moreover, where, as here, litigants choose to forgo claims known to them directly relating to the subject matter at hand, those issues are precluded from further litigation as well.[9]

---

[7] *See* Ch. Ct. R. 60(b) (describing "[r]elief from judgment or order" due to "[m]istake; inadvertence; excusable neglect; newly discovered evidence; fraud, etc.").

[8] *Levinhar v. MDG Med., Inc.*, 2009 WL 4263211, at *7 (Del. Ch. Nov. 24, 2009) ("The doctrine of res judicata forecloses a party from 'bringing a second suit based on the same cause of action after a judgment has been entered in a prior suit involving the same parties.'" (quoting *Betts v. Townsends*, 765 A.2d 531, 534 (Del. 2000))).

[9] *MHS Capital LLC v. Goggin*, 2018 WL 2149718, at *17 (Del. Ch. May 10, 2018) ("Res judicata encompasses all claims that were litigated or which could have been litigated in the earlier proceeding. For res judicata to bar an unasserted claim, the underlying facts must have been known or capable of being known at the time of the first action." (quoting *Aveta Inc. v. Bengoa*, 986 A.2d 1166, 1185 (Del. Ch. 2009))) (internal quotation marks omitted).

In the *Pullin* matter, the Pullins sought a declaration that an easement existed over the Davises' property for their septic system; damages resulting from Davis's blocking of the septic system; and an injunction to prevent Davis from interfering with the system in the future. The Davises attempted to demonstrate at trial that no valid easement applied to the location where the septic system existed, that the operation of the septic system had caused effluent to contaminate the Davises' property and that if unblocked, such contamination would resume, precluding injunctive relief. The Davises lost as to the easement and damages, but prevailed on showing that the system had failed and that effluvium had entered their property; as a result, I denied the Pullins' request for an injunction against Davis.

A counterclaim for damages by the Davises against the Pullins, relating to the placement and operation of the septic system—a part of the matter Davis seeks to litigate here—would have arisen directly out of the occurrence that was the subject matter of the claim in *Pullin*; such a counterclaim for trespass or nuisance was compulsory in *Pullin*, therefore.[10] Having foregone that claim for damages in *Pullin*, Davis cannot bring it now, and it is barred as *res judicata*.[11] Here, Mr. Davis has merely filed the case he believes he should have pursued in *Pullin*, absent bad legal

---

[10] Ch. Ct. R. 13(a) ("A pleading shall state as a counterclaim any claim, which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the Court cannot acquire jurisdiction.").

[11] *See, e.g., Mott v. State*, 49 A.3d 1186, 1189–90 (Del. 2012).

advice and the mendacity of witnesses. But that is precisely the evil—serial litigation hoping for a different outcome—that the doctrines of issue and claim preclusion are designed to prevent.[12] Accordingly, the Pullins' motion is granted and the matter is dismissed as to them.

Defendants Sharon Rickards and B. Brittingham, I note, were not parties in the previous action. They have moved to dismiss under the doctrines of *res judicata* and collateral estoppel. I do not consider those arguments here. That is because there is a more fundamental problem with Davis's claim against Rickards and B. Brittingham; now that I have dismissed the case against the Pullins for injunctive relief, there is no basis for equitable jurisdiction. This Court's jurisdiction is limited to matters in equity, except where that jurisdiction has been enlarged by statute, a consideration not applicable here.[13] "[W]hen addressing a common-law tort, this Court may act only if equity is required in remedy, due to an insufficiency of remedies at law."[14] Davis's Complaint attempts to state a claim in tort for trespass or nuisance against Rickards and B. Brittingham, asserting resulting contamination of his property, Lot 2, and seeking damages as the sole remedy.[15] To the extent that Davis has legal claims for damages against Rickards or B. Brittingham, therefore,

---

[12] *Levinhar*, 2009 WL 4263211, at *7 ("The public's interest in promoting judicial efficiency and protecting defendants from repetitious litigation is the reasoning behind the doctrine.") (citing *Malone Freight Lines, Inc. v. Johnson Motor Lines, Inc.*, 148 A.2d 770, 775 (Del. 1959)).

[13] 10 *Del. C.* § 342; *Medek v. Medek*, 2008 WL 4261017, at *3 (Del. Ch. Sep. 10, 2008).

[14] *Preston Hollow Capital, LLC v. Nuveen LLC*, 216 A.3d 1, 4 (Del. Ch. 2019).

[15] *See* Compl., at 5–7.

this action is dismissed unless Davis chooses to file an election to transfer to the Superior Court, which election must be filed with this Court in writing within sixty days.[16]

This ruling is without prejudice to Davis's right to move for relief from the judgment in *Pullin* under Chancery Court Rule 60(b),[17] subject, of course, to applicable defenses. While Davis has the right to proceed *pro se*, he would find representation by Delaware counsel helpful, I think, if he decides to proceed under that Rule.

An appropriate order is attached.

Sincerely,

*/s/ Sam Glasscock III*

Vice Chancellor

---

[16] 10 *Del. C.* § 1902.

[17] Chancery Court Rule 60(b) preserves the common-law action for relief from judgement. *See Johnson v. Preferred Prof'l Ins. Co.,* 91 A.3d 994, 1005 (Del. Super. 2014) (citing *Moore's Federal Practice*, § 60.21[2]). I note that the action before me is manifestly not such an action, which must demonstrate that equity requires that the prior action be vacated.

**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | |
|---|---|
| MICHAEL S. DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 2019-0496-SG |
| | ) |
| KEVIN PULLIN and JOANN PULLIN, | ) |
| SHARON RICKARDS and B. | ) |
| BRITTINGHAM COMPLETE SEPTIC | ) |
| SERVICE, | ) |
| | ) |
| Defendants. | ) |

# <u>ORDER</u>

AND NOW, this 22nd day of July, 2020, for the reasons set forth contemporaneously in the attached Letter Opinion dated July 22, 2020, IT IS HEREBY ORDERED that Defendants Kevin and Joann Pullin's Motion to Dismiss is granted, and that the Plaintiff's Complaint against Defendants Sharon Rickards and B. Brittingham Complete Septic Service shall be dismissed *sua sponte* unless the Plaintiff elects to transfer to Superior Court pursuant to 10 *Del. C.* § 1902.

IT IS SO ORDERED.

*/s/ Sam Glasscock III*

Vice Chancellor